## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Jason M. Williams (Affiant), a Special Agent with the United States Department of Education (ED), Office of Inspector General (OIG), having been duly sworn, state as follows:

1. I have been employed as a Special Agent by the OIG since April 2008 and also hold a Masters Degree in Criminology. As part of my duties, I am authorized to conduct investigations in connection with the administration and enforcement of laws, regulations, orders, contracts and programs in which ED is or may be a party of interest, and perform other duties on behalf of the Secretary of Education. One of my duties as a Special Agent is to investigate suspected criminal activity involving ED programs such as federal student aid. As a Special Agent with ED/OIG, I received criminal investigator training at the Federal Law Enforcement Training Center and the Inspector General Criminal Investigator Academy. I have participated in numerous criminal investigations and have participated in the execution of search warrants in furtherance of these investigations. I have training in the preparation, presentation, service and execution of criminal complaints, arrests, and search warrants. For the purpose of applying for this search warrant, I am a federal law enforcement officer under the applicable provisions of the United States Code and under Rule 41(a) of the Federal Rules of Criminal Procedure.

2. I am the case agent for an investigation involving aggravated identity theft, wire fraud, mail fraud, student aid fraud and conspiracy to defraud the United States by Peggie COPELAND (COPELAND) and David COPELAND-JACKSON (COPELAND-JACKSON), a.k.a. Xavier JUSTICE, Karl DONALDSON, Davon JOHNSON, Kimberly KILGORE, Corey FOSTER, Andrea GREGORY, Anthony DALE, and Anthony CRONIN. The facts set forth in this affidavit are based on my personal knowledge,

training and experience, knowledge obtained during my participation in this investigation, knowledge obtained from other law enforcement personnel, review of documents related to this investigation, statements of cooperating witnesses, and communications with others who have personal knowledge of events and circumstances described herein. I am conducting this investigation jointly with the United States Postal Inspection Service and the District of Columbia, Office of Inspector General. This affidavit sets forth the facts necessary to establish probable cause and does not include all of the information collected to date.

3. This affidavit is made in support of an application for a search warrant for items at the following locations:

**Location to be Searched:** Location fully described in Attachment A. Park Naylor Apartments, 2542 Naylor Road S.E. Apt. 201, Washington D.C. 20020. Based, in part, on verification on April 17, 2009, by an ED/OIG Special Agent, and on April 21, 2009 verification by Edgewood Management Inc., that this is the residence of Peggie COPELAND and David COPELAND-JACKSON.

**Items to be Searched:** Items fully described in Attachment B. Based on the following information, I believe there is probable cause to believe this location contains evidence, fruits, and instrumentalities of violations of federal criminal laws, including but not limited to, Title 20 U.S.C. §1097 (Federal Student Aid Fraud), Title 18 U.S.C. §1028 (a)(7), (Fraud and related activity in connection with identification documents, authentication features, and information), Title 18 U.S.C §1343 (Wire Fraud), Title 18 U.S.C. §1341 (Mail Fraud), Title 18 U.S.C. §371 Conspiracy (Conspiracy to commit offense or to defraud the United States), and Title 18 U.S.C §1001 (False Statements).

**Student Aid Fraud and Identity Theft**

4. Based on my training, experience, and participation in this and other fraud investigations that involve ED, I am aware of the following facts:

5. The suspect, David COPELAND-JACKSON was born October 31, 1972, in South Carolina and assigned Social Security Number (SSN) 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. In 2000, COPELAND-JACKSON was arrested and convicted of two counts of sexual battery on a minor. He was incarcerated at the Lorain Correctional Institution, Grafton, Ohio. COPELAND-JACKSON was incarcerated at the same institution, during the same time period as Karl Donaldson and Anthony Cronin, who were also inmates, based on NCIC records.

6. A criminal history check confirmed Xavier JUSTICE is using the SSN 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 and date of birth October 31, 1972. The utilities at 2542 Naylor Road, SE #201, Washington, DC 20020 are in the name of Xavier JUSTICE. The District of Columbia sex offender registry lists COPELAND-JACKSON last known address as 2542 Naylor Road, SE #201, Washington, DC 20020. A local records check shows that this address was re-confirmed by COPELAND-JACKSON in person at the District of Columbia Sex Offender Registration Unit in Washington, DC on March 20, 2009.

7. Individual users typically access the Internet through a local Internet Service Provider ("ISP") (such as "RCN Cable") through a modem or other connection device, such as a cable or Digital Subscriber Line. When accessing the Internet, the ISP will assign each user an Internet Protocol ("IP") address, a unique number used by a computer to access the Internet. IP addresses can be dynamic, meaning that the ISP assigns a

different unique number to a computer every time it accesses the Internet. IP addresses can also be static, whereby the user's ISP assigns the computer a unique IP address, and that same number is used by the user every time the computer accesses the Internet.

8. American Intercontinental University (AIU) provided a list of IP addresses associated with login attempts to the various student accounts. According to AIU, the IP address of 216.164.54.65 has been associated with all 8 suspect identities that attend AIU.

9. According to IPAddressGuide.com, a non-profit organization which manages Internet number resources, the IP address 216.164.54.65 is owned by RCN Telecomm Incorporated (RCN).

10. On April 22, 2009, your affiant sent RCN an OIG administrative subpoena requesting account user information for the IP address of 216.164.54.65 for time and dates which were specifically listed by AIU as being utilized by the eight different identities.

11. On April 23, 2009, RCN responded to the subpoena and advised that IP address 216.164.54.65 was issued to an account registered to Xavier JUSTICE, 2542 Naylor Road S.E., #201, Washington, DC, 20020.

12. An individual purporting to be Kimberly KILGORE used the address 3487 Cranmer Mews Road, Dale City, VA, 22193 on her 2008-2009 Free Application for Federal Student Aid (FAFSA) to attend AIU. On her FAFSA, KILGORE indicated she was married and that her husband received income from the United States Army. KILGORE included a District of Columbia (DC) marriage certificate and a copy of a Defense Finance and Accounting Service (DFAS) leave and earning statement (LES) for

verification of her income and marital status. The marriage certificate was sent to DC Superior Court for verification; the Clerk of the Court stated the documents were fraudulent. The name and the last 4 digits on the DFAS LES statement were sent to an Army Criminal Investigation Division (CID) official, who stated that KILGORE's purported husband was never in the military. During the enrollment process at AIU, KILGORE's IP address 216.164.54.65 was captured in AIU's online system at various times. This IP address was traced to Xavier JUSTICE, 2542 Naylor Road SE #201, Washington, DC 20020. KILGORE was awarded $13,654.00 in federal student aid for the 2008-2009 academic school year; these funds are pending disbursement.

13.     An individual purporting to be Anthony CRONIN used the address 2542 Naylor Road SE #201, Washington, DC, 20020 on his 2008-2009 FAFSA to attend AIU. On his FAFSA, CRONIN indicated he was unmarried. However, at a later he date provided information that he was married and that his wife received income from the United States Army. CRONIN included a DC marriage certificate and a copy of a DFAS LES for verification of his income and marital status. The marriage certificate was sent to DC Superior Court for verification; the Clerk of the Court stated the documents were fraudulent. The DFAS LES statement was sent to an Army CID official, who stated that CRONIN's purported wife was never in the military. During the enrollment process at AIU, CRONIN's IP address 216.164.54.65 was captured in AIU's online system at various times. This IP address was traced to Xavier JUSTICE, 2542 Naylor Road SE #201, Washington, DC 20020. CRONIN was awarded $11,586.00 in federal student aid for the 2008-2009 academic school year; these funds are pending disbursement. CRONIN previously attended Colorado Technical University Online (CTU) between fall

2006 and spring 2009, and was awarded $12,377.88. Most of these funds were returned to ED because CRONIN submitted a fraudulent military deployment order which said he was being deployed for military duty. The deployment order was signed by 1st Lieutenant, Xavier JUSTICE, Military District of Washington. CTU disbursed $4,122.00 in federal funds to support CRONIN's tuition costs at CTU. CRONIN used the address 2542 Naylor Road SE #201, Washington, DC, 20020, while attending CTU.

14. An individual purporting to be Davon L. JOHNSON used the address 2542 Naylor Road SE #201, Washington, DC, 20020 on his 2008-2009 FAFSA to attend AIU. On his FAFSA, JOHNSON indicated he was unmarried. However, at a later date provided information that he was married and that that his wife received income from the United States Army. JOHNSON included a DC marriage certificate and a copy of a DFAS LES, and a DC Superior Court document which stated he was a ward of the court for verification of his income and marital status. The marriage certificate and other court documents were sent to DC Superior Court for verification; the Clerk of the Court stated the documents were fraudulent. The DFAS LES statement was sent to an Army CID official, who stated that a person matching the name provided in JOHNSON's FAFSA is in the military and resides in St. Joseph, MO. During the enrollment process at AIU, JOHNSON's IP address 216.164.54.65 was captured in AIU's online system at various times. This IP address was traced to Xavier JUSTICE, 2542 Naylor Road SE #201, Washington, DC 20020. JOHNSON was awarded $13,654.00 in federal student aid for the 2008-2009 academic school year; these funds are pending disbursement. JOHNSON previously attended CTU between spring 2008 and spring 2009, and was awarded $21,731.00. Most of these funds were returned to ED because JOHNSON submitted a

fraudulent military deployment order which said he was being deployed for military duty. The deployment order was signed by 1st Lieutenant, Xavier JUSTICE, Military District of Washington. CTU disbursed $4,360.00 in federal funds to support JOHNSON's tuition costs at CTU. JOHNSON used the address 2542 Naylor Road SE #201, Washington, DC, 20020, while attending CTU.

15. An individual purporting to be Anthony DALE used the address 2542 Naylor Road SE #201, Washington, DC, 20020 on his 2008-2009 FAFSA. On his FAFSA, DALE indicated he was unmarried. However, at a later date provided information that he was married and that his wife received income from the United States Army. DALE included a DC marriage certificate and a copy of a DFAS LES for verification of his income and marital status. The marriage certificate and other court documents were sent to DC Superior Court for verification; the Clerk court stated the documents were fraudulent. The DFAS LES statement was sent to an Army CID official, who stated that DALE's purported wife was never in the military. During the enrollment process at AIU, DALE's IP address 216.164.54.65 was captured in AIU's online system at various times. This IP address was traced to Xavier JUSTICE, 2542 Naylor Road SE #201, Washington, DC 20020. DALE was awarded $13,654.00 in federal student aid for the 2008-2009 academic school year; these funds are pending disbursement. DALE previously attended CTU between fall 2007 and spring 2009, and was awarded $10,147.00. Most of these funds were returned to ED because DALE submitted a fraudulent military deployment order which said he was being deployed for military duty. The deployment order was signed by 1st Lieutenant, Xavier JUSTICE, Military District of Washington. CTU disbursed $2,623.00 in federal funds to support DALE's tuition costs at CTU. DALE

used the address 2542 Naylor Road SE #201, Washington, DC, 20020, while attending CTU.

16. An individual purporting to be Karl E. DONALDSON used the address 2542 Naylor Road SE #201, Washington, DC, 20020 on his 2008-2009 FAFSA. On his FAFSA, DONALDSON indicated he was unmarried. However, at a later date provided information that he was married and that that his wife received income from the United States Army. DONALDSON included a DC marriage certificate and a copy of a DFAS LES for verification of his income and marital status. The marriage certificate and other court documents were sent to DC Superior Court for verification; the Clerk of the Court stated the documents were fraudulent. The DFAS LES statement was sent to an Army CID official, who stated that DONALDSON's purported wife was never in the military. During the enrollment process at AIU, DONALDSON's IP address 216.164.54.65 was captured in AIU's online system at various times. This IP address was traced to Xavier JUSTICE, 2542 Naylor Road SE #201, Washington, DC 20020. DONALDSON was awarded $14,854.00 in federal student aid for the 2008-2009 academic school year; these funds are pending disbursement. DONALDSON previously attended CTU between fall 2007 and spring 2009, and was awarded $10,147.00. Most of these funds were returned to ED because DONALDSON submitted a fraudulent military deployment order which said he was being deployed for military duty. The deployment order was signed by 1st Lieutenant, Xavier JUSTICE, Military District of Washington. CTU disbursed $2,623.00 in federal funds to support DONALDSON's tuition costs at CTU. DONALDSON used the address 2542 Naylor Road SE #201, Washington, DC, 20020, while attending CTU.

17. An individual purporting to be Corey T. FOSTER used the address 2542 Naylor Road SE

#201, Washington, DC, 20020 on his 2008-2009 FAFSA. On his FAFSA, FOSTER indicated he was unmarried. However, at a later date provided information that he was married and that that his wife received income from the United States Army. FOSTER included a DC marriage certificate and a copy of DFAS LES, and a DC Superior Court document which stated he was a ward of the court for verification of his income and marital status. The marriage certificate and other court documents were sent to DC Superior Court for verification; the Clerk of the Court stated the documents were fraudulent. The DFAS LES statement was sent to an Army CID official, who stated that FOSTER's purported wife was never in the military. During the enrollment process at AIU, FOSTER's IP address 216.164.54.65 was captured in AIU's online system at various times. This IP address was traced to Xavier JUSTICE, 2542 Naylor Road SE #201, Washington, DC 20020. FOSTER was awarded $13,554.00 in federal student aid for the 2008-2009 academic school year; these funds are pending disbursement. FOSTER previously attended CTU between fall 2007 and spring 2009, and was awarded $13,882.00. Most of these funds were returned to ED because FOSTER submitted a fraudulent military deployment order which said he was being deployed for military duty. The deployment order was signed by 1st Lieutenant, Xavier JUSTICE, Military District of Washington. CTU disbursed $2,680.00 in federal funds to support FOSTER's tuition costs at CTU. FOSTER used the address 2542 Naylor Road SE #201, Washington, DC, 20020, while attending CTU.

18. An individual purporting to be Peggie J. COPELAND (aka WILKINS) used the address 2542 Naylor Road SE #201, Washington, DC, 20020 on her 2008-2009 FAFSA. On her FAFSA, COPELAND indicated she was unmarried. However, at a later date provided

information that she was married and that that her husband received income from the United States Army. COPELAND included a DC marriage certificate and a copy of DFAS LES for verification of her income and marital status. The marriage certificate was sent to DC Superior Court for verification; the Clerk of the Court stated the documents were fraudulent. The DFAS LES statement was sent to an Army CID official, who stated that COPELAND's purported husband was never in the military. During the enrollment process at AIU, COPELAND's IP address 216.164.54.65 was captured in AIU's online system at various times. This IP address was traced to Xavier JUSTICE, 2542 Naylor Road SE #201, Washington, DC 20020. COPELAND was awarded $13,604.00 in federal student aid for the 2008-2009 academic school year; these funds are pending disbursement. COPELAND previously attended CTU between fall 2008 and spring 2009, and was awarded $778.00. Most of these funds were returned to ED because COPELAND dropped out of CTU. CTU disbursed $315.00 in federal funds to support COPELAND's tuition costs at CTU. COPELAND used the address 2542 Naylor Road SE #201, Washington, DC, 20020, while attending CTU.

19. An individual purporting to be Andrea GREGORY used the address 2542 Naylor Road SE #201, Washington, DC, 20020 on her 2008-2009 FAFSA to attend AIU. On her FAFSA, GREGORY indicated she was unmarried. However, at a later date provided information that she was married and that that her husband received income from the United States Army. GREGORY included a DC marriage certificate and a copy of DFAS LES for of her income and marital status. The marriage certificate was sent to DC Superior Court for verification; the Clerk of the Court stated the documents were fraudulent. The DFAS LES statement was sent to an Army CID official, who stated that

GREGORY's purported husband was never in the military. During the enrollment process at AIU, GREGORY's IP address 216.164.54.65 was captured in AIU's online system at various times. This IP address was traced to Xavier JUSTICE, 2542 Naylor Road SE #201, Washington, DC 20020. GREGORY was awarded $13,554.00 in federal student aid for the 2008-2009 academic school year; these funds are pending disbursement. GREGORY previously attended CTU between fall 2007 and spring 2009, and was awarded $10,878.00. Most of these funds were returned to ED because GREGORY submitted a fraudulent military deployment order which said she was being deployed for military duty. The deployment order was signed by 1st Lieutenant, Xavier JUSTICE, Military District of Washington. CTU disbursed $3,832.00 in federal funds to support GREGORY's tuition costs at CTU. GREGORY used the address 2542 Naylor Road SE #201, Washington, DC, 20020, while attending CTU.

20. AIU officials have received numerous calls from the eight identities used herein demanding their federal funds be released so that the students can receive prompt payments of federal student aid refunds. AIU officials have received calls from a female pretending to be GREGORY, COPELAND, and KILGORE requesting that their grant fund allotments be increased due to the hardships of their spouses.

21. On April 24, 2009, ED/OIG Special Agent Daniel Pavlakovic conducted a consensually monitored call between Matthew Rheam, Vice President of Financial Aid, AIU, and a person purporting to be Karl DONALDSON. DONALDSON verified the address 2542 Naylor Road, SE #201, Washington, DC 20020, was his home address and that he would be available to sign for a registered letter through the U.S. Postal Service, containing his refund check of federal student aid funds.

## **EVIDENCE SOUGHT**

22. Based on the foregoing, I submit there is probable cause to believe that evidence of federal criminal violations will be found at <u>2542 Naylor Road S.E., Apartment 201, Washington D.C. 20020</u> (and further described in Attachment A) consisting of the matters and materials described in Attachment B. Based upon my training, experience, the facts described above and upon the training and experience of other investigators participating in this investigation, I know that:

   a. It is common for individuals involved in financial crime, including student aid fraud, identity theft, wire fraud, and mail fraud to maintain financial documents and records relating to both their personal and business financial affairs. These documents will show their acquisition, conversion, movement, secreting, transfer, and disbursement of currency, and currency equivalents. It is also common for such persons to maintain financial instruments, which are the proceeds, or facilitating property, of the illegal activity. These documents, records, and financial instruments are often retained for long periods of time in secure and accessible locations, including residences, businesses, vehicles, safe deposit boxes, banks, and storage facilities;

b. Such financial documents and records often include correspondence with co-conspirators; U.S. Postal Service and/or next day carrier services documents and receipts; investor records; contracts; Rolodex files; and photographs; appointment books; notes; bank accounts; and financial instruments. All of the foregoing items and information may provide evidence of, or constitute contraband, fruits, or instrumentalities of violations of Title 20 United States Code 1097, Title 42 U.S.C. §408 (a)(5), (6) and (7)(A), Title 18, U.S.C, Sections 1001, 1028, 1029 (a)(2), 1343, and 1344.

c. Individuals involved in financial crime, create such documents, records, and information by various means, including, but not limited to, computers, printers, telex machines, facsimile machines, and telephones, telephone answering machines, and cameras. These individuals also maintain such documents, records, and information in various forms, including, but not limited to, electrical, magnetic, photographic, and tangible form. The warrant application therefore requests authorization to search for and seize all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any electrical, electronic, or magnetic form (such as any information on an electronic or magnetic storage device, including hard drives, floppy diskettes, ZIP discs, CD-ROMs, optical discs, backup tapes, printer buffers, smart cards, memory calculators, pagers, cell phones, personal digital assistants such as Palm Pilot computers, as well as printouts or readouts from any magnetic storage device); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic

form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies).

23. This affiant has learned during the course of the investigation, as described above, COPELAND-JACKSON conducted fraudulent activities through the use of computers – accessed online accounts, created fraudulent documents, corresponded, applied for Federal Student Aid, and accessed electronic funds. There exists, therefore, reason to believe that relevant and pertinent documents that may constitute further evidence of the crimes described above may exist on COPELAND-JACKSON's computers, including any supporting equipment.

24. Computer hardware, software, documentation, passwords, and data security devices may be important to a criminal investigation in two distinct and important respects: (1) the objects themselves may be instrumentalities, fruits, or evidence of crime, and/or (2) the objects may have been used to collect and store information about crimes (in the form of electronic data). Rule 41 of the Federal Rules of Criminal Procedure permits the government to search and seize computer hardware, software, documentation, passwords, and data security devices which are (1) instrumentalities, fruits, or evidence of crime; or (2) storage devices for information about the crime.

25. Any and all correspondence from these two institutions: Colorado Technical University and American Technical University and/or addressed to the following names: Peggie J. COPELAND (aka WILKINS), David COPELAND-JACKSON, Xavier S. JUSTICE, Kimberly KILGORE, Anthony CRONIN, Davon L. JOHNSON, Anthony DALE, Karl E. DONALDSON, Corey T. FOSTER, and Andrea GREGORY.

26. Any and all documents that appear to relate to fraudulent loans.

**REQUEST TO SEARCH THE PREMISES**

Based upon the foregoing information, there is probable cause to believe that COPELAND-JACKSON fraudulently used social security numbers to establish multiple identities to fraudulently obtain Federal Student Aid. I believe that a search of COPELAND-JACKSON's residence will yield evidence to support the investigation of possible violations of federal criminal laws, including, but not limited to, Title 20 U.S.C. §1097 (Federal Student Aid Fraud), Title 18 U.S.C. §1028 (a) (7), (Fraud and related activity in connection with identification documents, authentication features, and information), Title 18 U.S.C §1343 (Wire Fraud), Title 18 U.S.C. §1341 (Mail Fraud), Title 18 U.S.C. §371 Conspiracy (Conspiracy to commit offense or to defraud the United States), and Title 18 U.S.C §1001 (False Statements). I hereby swear that the above information and facts are true and correct to the best of my knowledge.

_____
Jason M. Williams
Special Agent
U.S. Department of Education
Office of Inspector General

MAY - 1 2009
Sworn and subscribed before me
This ___ day of April 2009

_____
United States Magistrate Judge
**ALAN KAY**
U.S. MAGISTRATE JUDGE